UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HECTOR RUBIO and ELVA CHAVEZ, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:21-cv-03006-JRS-MG |
| ) | |
| POLARIS, INC., ) | |
| POLARIS EXPERIENCE LLC, ) | |
| STYLE K INC. d/b/a Adventure Rentals, ) | |
| and TERRA ADVENTURES, INC. d/b/a ) | |
| The Badlands, ) | |
| ) | |
| Defendants. ) | |

**Order on Motions to Dismiss**

### I. Introduction and Background

This is a personal injury case. Hector Rubio and Elva Chavez crashed a Polaris UTV they had rented from Style K (an authorized Polaris Experience rental operator) for use at Terra's Attica, Indiana terrain park. Rubio suffered an unspecified "very serious upper extremity injury." (Pls.' First Am. Compl. ¶ 57, ECF No. 28.)

Rubio and Chavez bring four claims: Count One against Polaris for "Strict Liability-Unreasonably Dangerous Product," (*id.* ¶¶ 56–57); Count Two against Polaris Experience, Style K, and Terra for "Consumer Fraud and/or Deceptive Practices," (*id.* ¶¶ 58–62); Count Three against Polaris Experience for "Negligent Entrustment," (*id.* ¶¶ 63–65); and Count Four against Style K and Terra for "Negligence and Reckless Conduct," (*id.* ¶¶ 66–67).

Polaris, Style K, and Terra each bring a partial Motion to Dismiss under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). Polaris in its motion, (ECF No. 32), argues that Counts Two and Three are preempted by the Indiana Products Liability Act, and so must be dismissed in their entirety. Polaris also argues that Chavez and Polaris Experience must be dismissed from Count One, Chavez because she alleges no physical injury and Polaris Experience because it is not the manufacturer of the UTV. Terra in its motion, (ECF No. 47), argues that Count One does not apply to it and that Count Two should be dismissed because it does not meet Rule 9(b)'s heightened pleading standards for fraud claims. Fed. R. Civ. P. 9(b). Style K in its motion, (ECF No. 49), argues that Count One does not apply to it and that Count Two fails to allege a claim against it.[1]

## II. Legal Standard

"A Rule 12(b)(6) motion tests 'the legal sufficiency of a complaint,' as measured against the standards of Rule 8(a)." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020) (quoting *Runnion v. Girl Scouts of Greater Chi. and Nw. Ind.*, 786 F.3d 510, 526 (7th Cir. 2015)). Rule 8(a) requires that the complaint contain a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). "To meet this standard, a plaintiff is not required to include 'detailed factual allegations,'" but the factual allegations must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if it "pleads factual content that allows the court to draw the reasonable

---

[1] Plaintiffs agree that Count One does not apply to Terra and Style K, so the Court will not further address the issue. (Pls.' Resp. 1, ECF No. 53; Pls.' Resp. 1, ECF No. 55.)

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When considering a motion to dismiss for failure to state a claim, courts "take all the factual allegations in the complaint as true," *Iqbal*, 556 U.S. at 678, and draw all reasonable inferences in the plaintiff's favor, *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). Courts need not, however, accept the truth of legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### III. Discussion

#### A. Choice of Law

The Court begins with choice of law. Plaintiffs equivocally refer throughout their Complaint to "Minnesota, Illinois, and Indiana." (Compl. ¶ 17, ECF No. 28.) Of the defendants, only Terra argues choice of law—counselling the use of Indiana law—while the other defendants apply Indiana law without further discussion. Plaintiffs, in their responses to the motions to dismiss, seem to argue that Illinois law should apply to certain claims against Polaris and Polaris Experience. (Pls.' Resp. 2–4, ECF No. 43.) Plaintiffs, however, concede that Indiana law should apply to Terra and to Style K. (Pls.' Resp. 13–14, ECF No. 53; Pls.' Resp. 15, ECF No. 55.)

Choice of law is waivable, *Turnell v. CentiMark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015), and all parties agree that Indiana law should apply to Terra and to Style K, so the Court will apply Indiana law there.

3

For Polaris and Polaris Experience, the Court must engage in a choice of law analysis. "[A] federal court exercising its diversity jurisdiction over state-law claims ordinarily applies the choice-of-law rules of the state in which it sits." *Looper v. Cook Inc.*, 20 F.4th 387, 390 (7th Cir. 2021) (citing *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496 (1941)). "When a district court with proper venue transfers a civil case to another district court, the transferee court will apply the choice-of-law rules of the state where the transferor court sits." *Id.* (citing *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964)). This case is before the Court after removal from Indiana state court and transfer from the Northern District of Indiana. Here, then, the Court will apply Indiana choice-of-law rules.

For tort cases in Indiana, "the presumption is that the traditional *lex loci delicti* rule (the place of the wrong) will apply. Under this rule, the court applies the substantive laws of the 'the state where the last event necessary to make an actor liable for the alleged wrong takes place.'" *Simon v. United States*, 805 N.E.2d 798, 805 (Ind. 2004) (quoting *Hubbard Mfg. Co., Inc. v. Greeson,* 515 N.E.2d 1071 (Ind.1987)).[2] That presumption is overcome only where "the location of the tort is insignificant to the action." *Id.*

---

[2] Indiana courts sometimes speak of a "preliminary" step in which "the court must determine whether the differences between the laws of the states are 'important enough to affect the outcome of the litigation.'" *Simon*, 805 N.E.2d at 805 (quoting *Hubbard*, 515 N.E.2d at 1073). The Court agrees that choice of law need not be discussed until it is raised. But once embarked on a choice of law analysis, there seems no reason to *start* by analyzing substantive law. For one thing, the Court cannot know which states' law to compare without covertly applying some sort of choice of law rule. For another, analysis of substantive law takes time, and ultimately (dépeçage aside) the Court can apply only one state's law. If the states' laws are different, the Court will be doing a choice of law analysis anyway, and if the states' laws are the same, why should it matter whether the Court knew that first?

4

Here, Rubio and Chavez bring a tort suit for personal injury suffered in Indiana. Nothing counsels against the basic *lex loci* rule. Because the injury is the last event necessary for tort liability, the *locus delictus* is Indiana. This is true even for Count Two, which Plaintiffs characterize as a fraud or deceptive practices claim, because the injury they allege there is the same "very serious upper extremity injury" as alleged in the other Counts. (Compl. ¶ 62, ECF No. 28.) The Court, therefore, applies Indiana substantive law to all Plaintiffs' claims.

### B. Rule 8 Pleading

Polaris argues that the Indiana Products Liability Act will govern Plaintiffs' claims and that therefore Plaintiffs' failure to plead within the Act mandates the dismissal of those claims.[3]

That argument misunderstands Rule 8 pleading. Assume Plaintiffs misidentified the governing law—so what if they have? The Court reiterates that a "Rule 12(b)(6) motion tests 'the legal sufficiency of a complaint,' as measured against the standards of Rule 8(a)." *Gunn*, 968 F.3d at 806. And Rule 8 neither requires nor encourages plaintiffs to identify legal theories in a complaint:

> Although it is common to draft complaints with multiple counts, each of which specifies a single statute or legal rule, nothing in the Rules of Civil Procedure requires this. To the contrary, the rules discourage it. Complaints should be short and simple, giving the adversary notice while leaving the rest to further documents.

---

[3] Polaris' Rule 9(b) arguments against Plaintiffs' Count Two fraud claim are discussed separately, below.

*Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992). The Court's approach is not to ask "whether the complaint points to the appropriate statute," but rather to ask "whether relief is possible under any set of facts that could be established consistent with the allegations." *Id.*

Here, Polaris first argues that Count Three, for Polaris Experience's "negligent entrustment," must be dismissed because the Indiana Products Liability Act disallows that theory. *See Kaiser v. Johnson & Johnson*, 947 F.3d 996, 1007 (7th Cir. 2020) (explaining that the Act recognizes three types of recoverable product "defects": manufacturing defect, design defect, and failure to warn). But Plaintiffs' failure to use the terms of the Act is not fatal to their claim's Rule 8 sufficiency. Plaintiffs allege that they were injured by Polaris' "fail[ure] to screen or examine" its rental partners' safety practices, "fail[ure] to screen or examine" its rental partners' machines, and "fail[ure] to determine" whether its rental partners gave sufficient warnings to novice riders. (Pls.' Compl. ¶ 64.) Assuming with Polaris that any claim against it must come through the Act, the Court finds that relief is nonetheless quite possible on facts consistent with those allegations: Plaintiffs claim a failure to warn.

Polaris also argues that Chavez cannot recover under the Indiana Products Liability Act because she has not alleged "physical harm." *See* Ind. Code § 34-20-1-1 (providing that the Act applies to "all actions" brought to recover for "physical harm"). But the Act is not preclusive. If Chavez has not alleged "physical harm" within the Act, she simply proceeds outside the Act, perhaps on a negligent infliction of

emotional distress theory, which Indiana recognizes for certain bystanders. *E.g.*, *Spangler v. Bechtel*, 958 N.E.2d 458, 460 (Ind. 2011).

Finally, Polaris argues that Polaris Experience should be dismissed from Count One—styled "Strict Liability-Unreasonably Dangerous Product"—because the Indiana Products Liability Act forbids strict liability actions against anyone other than the product's manufacturer. Here too Polaris over-relies on Plaintiffs' characterization of their claims. Assuming with Polaris that the Act governs Plaintiffs' Count One (which the Court thinks likely) and that Polaris Experience is not a "manufacturer" under the Act (which the Court thinks unlikely, *see* Ind. Code § 34-6-2-77(a)(4)), Plaintiffs still allege facts consistent with possible relief. Plaintiffs allege that the Polaris UTV was a "defective product" because it lacked "a 4-point harness or side nets." (Pls.' Compl. ¶ 44.) That is a straightforward design defect claim, which is cognizable under the Act. *Kaiser*, 947 F.3d at 1008. And while the Act does indeed forbid strict liability actions against non-manufacturers, Ind. Code § 34-20-2-3, the only strict liability action under the Act is for manufacturing defect; design defect and failure to warn claims sound in negligence, *Kaiser*, 947 F.3d at 1008. There are thus no restrictions on negligence-theory design defect actions against non-manufacturer sellers.

### C. Rule 9(b) Pleading

Polaris, Terra, and Style K. each raise a Rule 9(b) argument against Plaintiffs' Count Two fraud claims.

7

Rule 9(b) requires that a plaintiff "alleging fraud or mistake" must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "The circumstances of fraud or mistake include 'the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff,'" *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008), or, in other words, "the who, what, when, where, and how," *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir.1990). The purpose of Rule 9(b) "is to ensure that the party accused of fraud . . . is given adequate notice of the specific activity that the plaintiff claims constituted the fraud so that the accused party may file an effective responsive pleading." *Lachmund v. ADM Inv. Servs., Inc.*, 191 F.3d 777, 783 (7th Cir. 1999).

Here, Plaintiffs' Count Two alleges that "Polaris Experience, Adventure Rentals, Terra Adventures, and Polaris Experience engaged in a concerted pattern of consumer deception and fraud by advertising . . . [that] rented and equipped Polaris RZR 1000 S UTV machines were safe for use at The Badlands" when in fact they were not. (Compl. ¶ 60, ECF No. 28.) Plaintiffs allege that Polaris' online advertising "promotes Adventure Rentals-The Badlands as 'safe.'" (*Id.* ¶ 23.) Plaintiffs further allege that Chavez saw that advertising online, "from her home in Illinois," while making an "on-line rental purchase for The Badlands." (*Id.* ¶¶ 24–25.) Finally, Plaintiffs allege that Chavez, in reliance on that advertising, rented a UTV that was

8

"far more dangerous than she and Hector realized," (*id.* ¶ 61), which led to Rubio's "very serious upper extremity injury," (*id.* ¶ 62).

The Court finds that those allegations together give Defendants "adequate notice" of Plaintiffs' theory of fraud. *Lachmund*, 191 F.3d at 783. Plaintiffs allege that Defendants advertised online that renting a Polaris UTV from Style K for use at Terra would be "safe," that in fact it was not, and that Plaintiffs' reliance on the promise of safety led to physical injury. That may be a weak theory: Defendants may assert that they did not in fact make any representation, or that the representation was not deceptive, or perhaps that Plaintiffs' assumption of the risk forecloses recovery—but those defenses go to the merits and not to the sufficiency of the pleadings. Here the Court takes Plaintiffs' allegations as true, and those allegations suffice to meet Rule 9(b)'s "particularity" requirement.[4]

## IV.  Conclusion

Indiana substantive law governs this action.

Plaintiffs' Complaint suffices under Rule 8 to show a "plausible" claim for relief, *Twombly*, 550 U.S. at 570, even if they have failed to identify the correct cause of action under Indiana law, *Bartholet*, 953 F.2d at 1078.

---

[4] As discussed in Section III.B, above, Plaintiffs are not required correctly to identify legal theories in their Complaint. Plaintiffs cite Ind. Code § 24-5-0.5-3, a consumer protection provision, as a basis for their Count Two claims. But Plaintiffs' Count Two is, at least with regard to Polaris, Polaris Experience, and Style K, apparently an action brought against a seller for physical harm caused by a defective product—thus bringing the claim within the Indiana Products Liability Act's scope, where it would likely be construed as a failure to warn claim (much like, the Court suspects, their Counts Three and Four).

Plaintiffs' Count Two allegations of fraud are pled with enough "particularity" under Rule 9(b) to give Defendants adequate notice of their claim.

Polaris's and Polaris Experience's Motion to Dismiss, (ECF No. 32), is **denied.**

Terra's Motion to Dismiss, (ECF No. 47), is **denied.**

Style K's Motion to Dismiss, (ECF No. 49), is **denied.**

**SO ORDERED.**

Date: 10/24/2022

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by CM/ECF to registered counsel of record.